3:04cv329/LAC/MD

AO 243 (Rev. 5/85)

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

United States District Court Northern District of Florida

Name of Movant Gloria M. Biske Prisoner No. 15022-014 Case No. 3:03cr95-001LAC

UNITED STATES OF AMERICA V. GLORIA M. BISKE (name under which convicted)

## MOTION

1. Name and location of court which entered the judgement of conviction under attack United States District Court for the Northern District of Florida, Pensacola Division

2. Date of judgement of conviction September 23, 2003

3. Length of sentence 188 months

4. Name of offense involved (all counts) 18 U.S.C. § 2113(a) and 2: Aiding and abetting bank robbery.

5. What was your plea? (Check one)

   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contender ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give detail: N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)

   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?

   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?

   Yes ☐ No ☒

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.
04 SEP 27 AM 11:34
tg
FILED

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court N/A

(b) Result N/A

(c) Date of result N/A

10. Other than a direct appeal from the judgement of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgement in any federal court?

Yes ☐ No ☒

11. If your answer to 10 was "yes", give the following information:

(a) (1) Name of Court N/A

(2) Nature of proceeding N/A

(3) Grounds raised N/A

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐ No ☐

(5) Result N/A

(6) Date of result N/A

(b) As to any second petition, application or motion, give the same information:

(1) Name of Court N/A

(2) Nature of proceeding N/A

(3) Grounds raised N/A

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐ No ☐

(5) Result N/A

(6) Date of result N/A

AO 243 (Rev. 5/85)

(c) Did you appeal to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc. Yes ☐ No ☐

(2) Second petition, etc. Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application, or motion, explain briefly why you did not:

N/A

12. State concisely every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

<u>CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.</u> For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by a plea of guilty which was unlawfully induced or not made voluntarily or with understating of the nature of the charge and the consequence of the plea.

AO 243 (Rev. 5/85)

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: The sentence was imposed in violation of the Constitution or laws of the United States.

Supporting FACT (state briefly without citing cases or law) See Attachment.

B. Ground two: The sentence imposed was in excess of the maximum authorized by law.

Supporting FACT (state briefly without citing cases or law) See Attachment.

C. Ground three: __________

Supporting FACT (state briefly without citing cases or law) __________

AO 243 (Rev. 5/85)

D. Ground four: ______

Supporting FACT (state briefly without citing cases or law) ______

13. If ANY of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

A recent Supreme Court decision has extended the Apprendi holding to the petitioner's case, whereas before it was believed that Apprendi was inapplicable to the case at bar.

14. Do you have any petition or appeal now pending in any court as to the judgement under attack:

Yes ☐ No ☐

15. Give the names and addresses, if known, of each attorney who represented you in the following stages of the judgement attacked herein.

(a) At preliminary hearing: Donald Sheehan, 1500 West Garden Street, Pensacola, Florida 32501-5969

(b) At arraignment and plea: Donald Sheehan, 1500 West Garden Street, Pensacola, Florida 32501-5969

(c) At trial: N/A

(d) At sentencing: Donald Sheehan, 1500 West Garden Street, Pensacola, Florida 32501-5969

(e) On appeal: N/A

(f) In any post-conviction proceeding: N/A

AO 243 (Rev. 5/85)

(g) On appeal from any adverse ruling in a post-conviction proceeding: N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgement under attack?

Yes ☒ No ☐

(a) If so, give name and location of court which imposed sentence to be served in the future: United States District Court for the Northern Distict of Florida, Pensacola Division

(b) Give date and length of the above sentence: Sentence of 188 months, plus 84 months consecutive imposed on September 23, 2003 for case no. 3:03cr5-001LAC

(c) Have you filed, or do you contemplate filing, any petition attacking the judgement which imposed the sentence to be served in the future?

Yes ☒ No ☐

Wherefore, movant prays that the Court grant him/her all relief to which he/she may be entitled in this proceeding.

Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on:

September 22, 2004
Date

Gloria M. Biske
Signature of Movant

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**Pensacola Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Case No.: 3:03cr95-001LAC**<br>**Case No.: 3:03cr5-001LAC** |
| **GLORIA M. BISKE** | : | **Dated: September 22, 2004** |

**MEMORANDUM IN SUPPORT OF PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

**COMES NOW** the petitioner, Gloria M. Biske, pro se, pursuant to 28 U.S.C. § 2255 and moves the Court to vacate, set aside, or correct her sentence for violations of 18 U.S.C. § 1071 - harboring a fugitive, 18 U.S.C. § 2113(a) and (d) - aiding and abetting bank robbery, 18 U.S.C. § 924(c)(1)(A) - aiding and abetting the use of a firearm during a crime of violence, and 18 U.S.C. § 922(g) and 924(e) - possession of firearms and ammunition by a convicted felon in case number 3:03cr5-001LAC as well as her sentence for violating 18 U.S.C. § 2113(a) and 2 in case number 3:03cr95-001LAC, where sentences imposed (1) violate her Fifth Amendment due process and grand jury indictment rights in addition to her Sixth Amendment notice and jury trial rights and (2) exceed the maximum authorized by law. Ms. Biske states as follows: that her sentences were unlawfully enhanced based upon alleged factors that were (i) absent from the grand jury's charging indictment and (ii) neither presented to a jury and proven beyond a reasonable doubt, nor stipulated to by the petitioner in her plea agreement.

**Background**

1. On or about August 25, 2003, the petitioner pleaded guilty to one count of harboring a fugitive, one count of aiding and abetting bank robbery,

one count of aiding and abetting the use of a firearm during a crime of violence, and one count of possession of firearms and ammunition by a convicted felon in case number 3:03cr5-001LAC.

2. On or about August 25, 2003, Ms. Biske also pleaded guilty to one count of aiding and abetting bank robbery in case number 3:03cr95-001LAC.

3. Consolidated sentencing for both cases was scheduled for September 23, 2003.

4. At no time did a jury find, beyond a reasonable doubt, that the petitioner's sentence should be enhanced beyond the otherwise standard, applicable guideline range.

5. At no time did the petitioner stipulate or agree, in her plea agreement or elsewhere, that her sentence should be enhanced beyond the otherwise standard, applicable guideline range.

6. Nonetheless, the Court determined the petitioner should receive a number of enhancements, among them - the armed career criminal enhancement expressed in U.S.S.G. § 4B1.4 and 18 U.S.C. § 924(e), in addition to various other enhancements as outlined in U.S.S.G. § 2B3.1 and § 2K2.1.

7. Pursuant to the statute(s) governing the armed career criminal enhancement, Ms. Biske was placed at offense level 31, in criminal history category VI, which carries an imprisonment range of 188-235 months, for her violations of 18 U.S.C. § 2113(a) and (d) - aiding and abetting bank robbery (in both cases) and 18 U.S.C. 922(g) and 924(e) - possession of firearms and ammunition by a convicted felon.

8. Also, she was subjected to an enhanced sentence of seven years mandatory, to run consecutive to the sentence imposed for the crime of violence, for aiding and abetting the use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).

9. Consequently, on or about September 23, 2003, Ms. Biske was sentenced to a term of incarceration of 188 months, plus 84 months consecutive.

## Argument

The petitioner contends, inter alia, that given the facts and circumstances of the case at bar, in enhancing her sentence based upon factors not pled in the indictment and proved to a jury beyond a reasonable doubt, the Court imposed a sentence both in violation of the Constitution or laws of the United States and in excess of the maximum authorized by law.

### I. Armed Career Criminal Act

The Armed Career Criminal Act (ACCA), as defined in 18 U.S.C. § 924(e), serves as a mechanism for enhancing the sentences of criminal defendants who, having three previous convictions for violent felonies, violate section 922(g) of title 18. While Ms. Biske, in pleading guilty to 18 U.S.C. § 922(g), agreed she was a previously convicted felon and had, on this occasion, been in possession of a firearm, she by no means agreed, nor did the indictment charge, that she (1) had three prior convictions (2) for violent felonies (3) committed on different occasions. Yet the sentencing judge found that she should be sentenced under the ACCA, which requires a mandatory sentence of no less than fifteen (15) years. As a result, pursuant to U.S.S.G. § 4B1.4, Ms. Biske was removed from the otherwise standard, applicable offense level of 20, criminal history category II, for both of her 18 U.S.C. § 2113(a) and (d) violation (both cases), (sentencing range of 37-46 months). Further, for her violation of 18 U.S.C. § 922(g), she was removed from offense level 18, criminal history category II, (sentencing range of 30-37 months). She was then placed at offense level 34, criminal history category VI, for both offenses, (sentencing range of 262-327 months). After receiving a three offense level reduction under U.S.S.G. § 3E1.1(a) and (b) for acceptance

of responsibility, the petitioner had a final offense level of 31, criminal category VI for her violations of both counts of 18 U.S.C. § 2113 (a) and (d) (case number 3:03cr95-001LAC and 3:03cr5-001LAC) and 18 U.S.C. § 922(g), which carries a sentencing range of 188-235 months. A concurrent sentence of 188 months was imposed on both counts. The maximum sentence the petitioner could have received based solely on the facts pleaded in the indictment and admitted in her guilty plea was 46 months for her aiding and abetting bank robbery counts and 37 months for possession of a firearm by a felon.

In increasing the petitioner's sentence under the ACCA based upon its own conclusion that she was an "armed career criminal," the district court violated Ms. Biske's **Apprendi** rights. As a matter of Fifth Amendment due process and Sixth Amendment notice and jury trial guarantees, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." **Apprendi v. New Jersey**, 530 U.S. 466 (2000). See also **Jones v. United States**, 526 U.S. 227 (1999)(any fact, other than the fact of a prior conviction, that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt.) Clarifying **Apprendi**, the Supreme Court recently affirmed this rationale in **Blakely v. Washington**, 2004 WL 1402697 (June 24, 2004), holding that a sentencing court could not enhance a sentence based on factual findings not proven to a jury beyond a reasonable doubt (or admitted to by the defendant). In the case at hand, the facts admitted in Ms. Biske's plea do not independently support the 188 month sentence the judge imposed. Instead, in justifying such sentence, the judge must rely on additional factors. The petitioner neither stipulated to any additional factors, nor agreed to judicial fact finding. The **Blakely**

Court concluded that "[a]s **Apprendi** held, every defendant has the right to insist that the prosecutor prove to a jury all facts legally essential to the punishment." **Id.** at *9. Thus, the district court erred when it increased the petitioner's sentence pursuant to § 924(e) given the circumstances of this case, as the sentence imposed violates her Fifth and Sixth Amendment Constitutional rights and exceeds the maximum authorized by law, as **Blakely** held "the statutory maximum for **Apprendi** purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Based on the foregoing, the petitioner believes her sentence must be vacated.

**II. Brandishing a Firearm**

According to 18 U.S.C. § 924(c)(1)(A)(i), whoever uses or possesses a firearm in the commission of a crime of violence shall be sentenced to an imprisonment term of not less than five (5) years. A different subsection of the statute, 18 U.S.C. § 924(c)(1)(A)(ii), requires a sentence of not less than seven (7) years if the firearm is brandished. Ms. Biske pleaded guilty to aiding and abetting the use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i). She did not plead guilty to, nor did the indictment charge her with, brandishing a firearm. Nonetheless, the sentencing judge determined the firearm was brandished and imposed an 84 month (seven year) sentence on this count to run consecutive to the 188 months she received on two (2) other counts. Here the petitioner argues that, for many of the reasons previously discussed, the sentencing court erred in sentencing her for brandishing a firearm when she only pleaded guilty to using and carrying a firearm.

Under **Apprendi**, because the petitioner did not agree or stipulate to brandishing a firearm, the fact of whether or not she did should have

been found by a jury, not a judge. See **Apprendi v. New Jersey**, 530 U.S. 466 (2000). Because there was no jury determination on the issue of brandishing the district court should not have enhanced Ms. Biske's sentence upon this basis where the guilty plea, standing alone, does not authorize the enhanced sentence. Sentencing her to a seven (7) year sentence for brandishing a firearm during the commission of a crime of violence when she only pleaded guilty to the carrying and use of a firearm during the commission of a crime of violence (which requires a five year sentence) violates the Fifth Amendment's Due Process Clause and the Sixth Amendment's notice and jury trial rights. Before Ms. Biske's sentence was increased by two (2) years, the Government should have been made to suffer the modest inconvenience of presenting and proving this fact this fact beyond a reasonable doubt to the trier of fact.

The petitioner is fully aware that this circuit has traditionally considered brandishing and discharging firearms under 18 U.S.C. § 924(c)(1)(A)(ii) and (iii) to be sentencing factors to be found by the sentencing judge, not separate elements of the offense to be determined by a jury. See **United States v. Pounds**, 230 F.3d 1317 (11th Cir. 2000) and **United States v. Woodruff**, 296 F.3d 1041 (11th Cir. 2002). See also **United States v. Riley**, 250 F.3d 1303 (11th Cir. 2001). However, the petitioner argues that these rulings have been called into question by the intervening Supreme Court decision announced in **Blakely** - which holds that a defendant, in fact, has a Sixth Amendment right to a trial by jury for sentencing factors. For these reasons the petitioner's sentence must be vacated.

**III. Additional Enhancements**

The district court found a number of additional enhancements described in U.S.S.G. § 2B3.1 and § 2K2.1 applied to the petitioner and enhanced

her sentences accordingly, despite the fact that these enhancing factors were not pled in the indictment, nor proved beyond a reasonable doubt to a jury. This, too, contravenes the rule announced in **Apprendi**.

Ms. Biske pled guilty to four counts that carry relatively low unenhanced base offense levels, which are as follows:

**Count I:** 18 U.S.C. § 1071 - harboring a fugitive
**Base Offense Level:** 20
**Criminal History Category:** II
**Sentencing Range:** 37-46 months

**Count II:** 18 U.S.C. § 2113(a) and (d) - aiding and abetting bank robbery
**Base Offense Level:** 20
**Criminal History Category:** II
**Sentencing Range:** 37-46 months
(Case number 3:03cr5-001LAC and case number 3:03cr95001LAC. However, it is Count I on the latter case.)

**Count III:** 18 U.S.C. § 924(c)(1)(A) - aiding and abetting the use of a firearm during a crime of violence
**Sentencing Range:** Mandatory 60 months consecutive

**Count IV:** 18 U.S.C. § 922(g) - possession of firearms and ammunition by a convicted felon
**Base Offense Level:** 18
**Criminal History Category:** II
**Sentencing Range:** 30-37 months

Because the indictment does not charge any enhancing factors and the petitioner did not agree or stipulate to any enhancing factors, nor did she agree to judicial fact finding, increasing Ms. Biske's sentence beyond the above-listed sentencing range based on judicial fact finding, violates the trial-by-jury requirement of the Sixth Amendment. **Blakely v. Washington**, 2004 WL 1402697 (June 24, 2004)(a judge cannot impose a sentence unless each fact necessary to justify that sentence has been found to be true by a jury, beyond a reasonable doubt.) In the present case, the court erred by sentencing her outside the above-mentioned sentencing range. Therefore, Ms. Biske's sentence should be vacated.

**IV. Conclusion**

As demonstrated, increasing the petitioner's sentence beyond the standard, applicable guideline range based upon findings of additional fact not charged in the indictment and proven to a jury violated Ms. Biske's (1) Sixth Amendment right to notice and jury trial, (2) Fifth Amendment due process right to proof beyond a reasonable doubt, and (3) Fifth Amendment right to grand jury indictment. The petitioner contends that she was unconstitutionally deprived of her liberty where her criminal sentence was obtained in violation of her rights as guaranteed by the United States Constitution. Thus, she is in custody in violation of the Constitution.

This memorandum is submitted under the mandates of **Haines v. Kerner**, 404 U.S. 519 (1972)(Allegations of pro se complaint are held to less stringent standards than those formal pleadings drafted by attorneys.)

**WHEREFORE,** the petitioner respectfully moves the Court to vacate, set aside, or correct her sentences.

Respectfully submitted,

Gloria M. Biske

Gloria M. Biske, pro se
Reg. No. 15022-014
Federal Correctional Institution
33½ Pembroke Station
Danbury, CT 06811-3099

**CERTIFICATE OF SERVICE**

I hereby certify that this 23rd day of September, 2004 a true and correct copy of the foregoing was forwarded via U.S. Postal Service, first-class, postage prepaid to Mr. Stephen P. Preisser, Assistant United States Attorney, Northern District of Florida, 21 East Garden Street, Suite 400, Pensacola, Florida 32502.



Gloria M. Biske