**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

vs.                                3:03cr95/LAC;  3:03cr5/LAC
                                     3:04cv329/LAC/MD; 3:04cv467/LAC/MD

**GLORIA M. BISKE**

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant's identical motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255, filed in each of the above-styled cases. (Doc. 15, 53). The government has filed a response (doc. 17, 55) but the defendant has not filed a reply, despite having moved for time in which to do so. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motions should be denied.

**I. BACKGROUND**

Defendant was charged via superseding indictment in this district in case number 3:03cr5/LAC with harboring a fugitive, aiding and abetting an armed bank robbery, aiding and abetting in the use of a firearm during the commission of the armed bank robbery and possession of a firearm by a convicted felon. (Doc. 13).

**Defendant was charged in the Eastern District of Tennessee with bank robbery by force or violence in case number 2:03cr49. The case was transferred to this district pursuant to a Rule 20 transfer and assigned case number 3:03cr95/LAC. She entered pleas of guilty in both cases, and was sentenced on September 23, 2003 as follows:**

>**Case 3:03cr95/LAC**

>>**Count 1: Sixty (60) months imprisonment, three years supervised release and a $100 special monetary assessment;**

>>**Count 2 & 4: Concurrent 188 month terms of imprisonment to be served concurrent to count 1, five years supervised release, $200 special monetary assessments and restitution in the amount of $8,395;**

>>**Count 3: Eighty-four (84) months imprisonment, *consecutive* to the sentences imposed under Counts 1, 2 and 4, five years supervised release, and a $100 special monetary assessment.**

>**Case 3:03cr5/LAC**

>>**Count 1: 188 months imprisonment, concurrent to sentence imposed in Case 3:03cr95, concurrent three year term of supervised release, $100 special monetary assessment and restitution in the amount of $11,070.**

>**Defendant did not appeal from either conviction.**

>**In the present motion, defendant contends that her sentences were imposed in violation of the Constitution or laws of the United States and in excess of the maximum authorized by law based on the Supreme Court's decision in *Blakely v. Washington*,[1] because facts underlying her sentence were neither set forth in the indictment nor proven to a jury beyond a reasonable doubt. The court assumes that defendant would wish to extend this argument to encompass the more recent Supreme Court decision of *United States v. Booker*.[2]**

---

[1] *Blakely v. Washington*, ____ U.S. ____, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

[2] *United States v. Booker,* 125 S.Ct. 738, 2005 WL 50108 (2005).

Case No: 3:03CR95/LAC; 3:03CR5/LAC3:

## II. LEGAL ANALYSIS

In the seminal case of *Apprendi v. New Jersey*,[3] the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-63. *See also Ring v. Arizona*, 536 U.S. 584, 589, 122 S.Ct. 2428, 2432, 153 L.Ed.2d 556 (2002) (concluding under *Apprendi* that "[c]apital defendants . . . are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment."). Since *Apprendi* was decided, the Supreme Court has decided two cases that relate to federal sentencing, *Blakely v. Washington*,[4] and *United States v. Booker*.[5]

> As clarified in *Blakely*:
>
> the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. See Ring, supra*, 536 U.S. at 602, 122 S.Ct. at 2428 ("'the maximum he would receive if punished according to the facts reflected in the jury verdict alone'" (*quoting Apprendi, supra*, 503 U.S. at 483, 120 S.Ct. at 2348)) . . . . In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

124 S.Ct. at 2537-38 (emphasis in original, some citations omitted); *see also In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004) (quoting *Blakely*).

In *United States v. Booker,* 125 S.Ct. 738, 2005 WL 50108 (2005), the Supreme Court extended its holding in *Blakely* to the Sentencing Guidelines, holding that the mandatory nature of the federal guidelines rendered them incompatible with the

---

[3] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).

[4] *Blakely v. Washington*, ____ U.S. ____, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

[5] *United States v. Booker,* 125 S.Ct. 738, 2005 WL 50108 (2005).

Sixth Amendment's guarantee to the right to a jury trial. This does not mean, however, that *Booker* can be applied to cases in which the conviction is final, a fact which is crucial to the court's consideration of the instant motion. Both language within *Booker*, discussed *infra*, and Supreme Court precedent indicate otherwise.

In *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) the Supreme Court held that the Sixth Amendment's guarantee of the right to a jury trial applied to the states. In *DeStephano v. Woods*, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968) the Court held that *Duncan* would not be given retroactive application - that it applied only to those cases that were not final at the time it was decided, and that it did not apply to cases on collateral attack. The Court reasoned that the right to a jury trial was fundamental to our system of justice, but that a trial without a jury would not necessarily result in an inaccurate verdict. Therefore, it would not be necessary to grant a new trial to every person convicted without a jury.

In *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) the Supreme Court held that only a jury, not a judge, could make findings on the aggravating factors necessary to invoke the death penalty. In *Schriro v. Summerlin*, __ U.S. __, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) the Court held that *Ring* applied only to those cases that were not final at the time it was decided, and that it did not apply to cases on collateral attack. The Court reasoned that the rule announced in *Ring* was a procedural rule, not a substantive one, because it did not define an element of a crime. Rather, it determined the manner in which fact finding is done. The *Schriro* Court relied on *DeStephano, supra*, noting that "[i]f . . . a trial held entirely without a jury was not impermissibly inaccurate, it is hard to see how a trial in which a judge finds only aggravating factors could be." 124 S.Ct. at 2526.

This is instructive on the application of *Booker*. The *Booker* Court expressly noted that its holding was to be applied retroactively to "all cases ... pending on direct review or not yet final." *Booker* at *29. It did not announce that the new rule would apply retroactively for cases on collateral attack, such as this one. This

reasoning necessarily follows from *DeStephano* and *Schriro*.  In those cases the Court held that it was not impermissibly inaccurate to conduct a criminal trial entirely without a jury, or for a judge alone to find aggravating factors necessary to trigger a death sentence.  Based on those holdings, it is difficult to conclude that a hearing in which a judge finds only aggravating factors that result in an increased sentence could be impermissibly inaccurate.  See *Schriro,* 124 S.Ct. at 2526.

Moreover, the *Booker* Court cited prior precedent with approval, stating that "[T]he constitutional safeguards that figure in our analysis concern not the identity of the elements defining criminal liability but only the required procedures for finding the facts that determine the maximum permissible punishment."  *Booker,* 2005 WL 50108 at *14 (citations omitted).  The significance of this is that unlike substantive rules, new rules of procedure generally are not retroactive.  *Schriro v. Summerlin*, __ U.S. __, 124 S.Ct. 2519, 2523, 2526, 159 L.Ed.2d 442 (2004) ("[I]t does not follow that, when a criminal defendant has had a full trial and one round of appeals in which the [prosecution] faithfully applied the Constitution as we understood it at the time, he may nevertheless continue to litigate his claims indefinitely in hopes that we will one day have a change of heart.").

Finally, the Eleventh Circuit has concluded that neither *Booker* nor *Blakely* applies retroactively to cases on collateral review.  *Varela v. United States*, ___ F.3d ___, 2005 WL 367095 (11th Cir. 2005); see also *In re Anderson*, ___ F.3d ___, 2005 WL 123923 (11th Cir. 2005) (holding that only the Supreme Court can make a new rule retroactive on collateral review, and that it must do so explicitly).  Since *Booker*'s effect on sentencing guidelines cases is not retroactive on collateral review, it is not applicable to this § 2255 motion, and defendant is not entitled to relief.

Even if *Booker* and *Blakely* were retroactive on collateral review, defendant would not be entitled to relief.  She specifically claims that her constitutional rights were violated based on the trial court's finding that she should be sentenced pursuant to the Armed Career Criminal Act.  She claims that in pleading guilty, she

agreed she was a previously convicted felon, but "she by no means agreed, nor did the indictment charge, that she (1) had three prior convictions (2) for violent felonies (3) committed on different occasions." Contrary to defendant's assertion, the superseding indictment listed 7 groupings of felonies of which she had been convicted on 5 different dates. (Doc. 13).  To the extent that she claims the indictment was deficient in any respect, the Supreme Court has held that an indictment need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime. *Almendarez-Torres v. United States*, 523 U.S. 224, 228, 118 S.Ct. 1219 (1998).[6] In addition, the fact that she might be subject to enhanced penalties based on her prior criminal history was set forth in her plea agreement, and discussed at rearraignment. (Doc. 38 at 4).

Finally, to the extent that she claims her sentence on Count 3 was improper due to the fact that the district court made a factual determination about the circumstances of the weapons charge, her argument also fails.  In *Harris v. United States*, 536 U.S. 545, 568, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) the Supreme Court held that subsections  § 924(c)(1)(A)(ii) and (iii), which specify enhanced sentences for brandishing or discharging a weapon during a crime of violence are sentencing factors only and not elements of the offense which must be charged and proved to a jury beyond a reasonable doubt. *See also United States v. Robinson*, 389 F.3d 582, 590 n.1 (6th Cir. 2004). In this case, the indictment charged defendant with aiding and abetting Douglas W. Hall in knowingly using, carrying and brandishing a firearm in violation of § 924(c).  The statute provides that if a firearm is "brandished" the defendant faces a minimum mandatory consecutive term of seven years imprisonment.  If the firearm was "carried" or "possessed" in furtherance of the

---

[6]*Almendarez-Torres* was called into question by *Apprendi*, but not expressly overruled. *See Apprendi*, 530 U.S. at 489-90, 120 S.Ct. 2348; *United States v. Marseille*, 377 F.3d 1249, 1257 (11th Cir. 2004); *United States v. Thomas*, 242 F.3d 1028, 1034-35 (11th Cir. 2001); *see also United States v. Burgin*, 388 F.3d 177, 186 (6th Cir. 2004), petition for Certiorari Filed (Jan 28, 2005); *United States v. Morris*, 293 F.3d 1010 (7th Cir. 2002), cert. denied, 537 U.S. 987, 123 S.Ct. 428, 154 L.Ed.2d 354 (2002).

commission of the violent felony, the consecutive minimum mandatory term is only five years. The maximum possible punishments set forth in the plea agreement detailed this range, and hence included and placed defendant on notice of the punishment for "brandishing." The district court's factual determination by a preponderance of the evidence that the weapon was brandished was neither factually erroneous nor in contravention of Supreme Court precedent.

Based on the foregoing, it is respectfully RECOMMENDED:

The motions to vacate, set aside, or correct sentence (doc. 15, 55) filed in each of defendant's criminal cases  be DENIED.

At Pensacola, Florida, this 2nd day of March, 2005.


/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 3:03CR95/LAC; 3:03CR5/LAC3:*