## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**v.**  **Case Nos.: 3:03cr5/LAC/CJK**

**3:14cv40/LAC/CJK**

**GLORIA MAE BISKE**

_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 63). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.[1]

## BACKGROUND and ANALYSIS

Defendant was sentenced in October of 2003 to a term of 272 months imprisonment after pleading guilty to charges of harboring a fugitive, aiding and

---

[1] Defendant's motion is not on the appropriate court form as required by Northen District of Florida Local Rule 5.1(J)(2). If summary dismissal were not warranted in this case, Defendant would be required to file an amended motion on the court form as required by this rule before her motion would be considered on the merits.

abetting an armed bank robbery, aiding and abetting the use of a firearm during the commission of a crime of violence, and possession of firearms and ammunition by a convicted felon (doc. 48). Defendant did not appeal, but filed a timely motion to vacate, set aside or correct sentence in September of 2004 (doc. 53). Her motion was denied over objection (*see* docs. 59–61) and judgment was entered on March 21, 2005. Again, she did not appeal, and nothing further was filed until Defendant filed the instant motion to vacate in which she seeks relief pursuant to the recent Supreme Court decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), which she suggests announced a new substantive rule that is retroactively applicable to her case (doc. 63).

This court does not have jurisdiction to entertain Defendant's motion. Before a second or successive application for § 2255 relief is filed in the district court, the litigant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States,* 405 Fed. App'x 409 (11th Cir. 2010). This authorization is required even when, as here, a defendant asserts that her motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2). Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, and therefore, the instant motion to vacate must be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court ("§ 2255 Rules") provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 63) be **SUMMARILY DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit.

2.      A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 5th day of February, 2014.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case Nos: 3:03cr5/LAC/CJK; 3:14cv40/LAC/CJK

**<u>NOTICE TO THE PARTIES</u>**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **<u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>**. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**