**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 08, 2016

Jessica Lyublanovits
U.S. District Court
1 N PALAFOX ST
PENSACOLA, FL 32502

Appeal Number: 16-12471-J
Case Style: In re: Gloria Biske
District Court Docket No: 3:03-cr-00005-LC-CJK-1

The enclosed order has been entered. No further action will be taken in this matter.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Davina C. Burney-Smith, J/lt
Phone #: (404) 335-6183

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 16-12471-J

---

IN RE: GLORIA M. BISKE,

Petitioner.

---

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

---

Before HULL, MARTIN and JULIE CARNES, Circuit Judges

B Y  T H E  P A N E L:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Gloria M. Biske has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the

application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

In her application, Biske indicates that she wishes to raise one claim in a second or successive § 2255 motion. She asserts that her claim relies upon a new rule of constitutional law announced in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague, and *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257, ___ L. Ed. 2d ___ (2016), which made *Johnson* retroactive to cases on collateral review.

The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is commonly called the "residual clause." *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).

On June 26, 2015, the Supreme Court in *Johnson* held that the residual clause of the ACCA is unconstitutionally vague. *Johnson*, 576 U.S. at ___, 135 S. Ct. at 2557-58, 2563. The Supreme Court clarified that, in holding that the residual clause is void, it did not call into question

the application of the elements clause and the enumerated crimes of the ACCA's definition of a violent felony. *Id.* at ___, 135 S. Ct. at 2563.

On April 18, 2016, the Supreme Court held in *Welch* that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch*, 578 U.S. at ___, 136 S. Ct. at 1264-65.

In light of the Supreme Court's holdings in *Johnson* and *Welch*, federal prisoners who can make a *prima facie* showing that they previously were sentenced, at least in part, in reliance on the ACCA's now-voided residual clause are entitled to file a second or successive § 2255 motion in the district court. *See In re Robinson*, No. 16-11304, manuscript op. at 2 (11th Cir. Apr. 19, 2016) (holding that *In re Franks*, 815 F.3d 1281 (11th Cir. 2016), which had held that *Johnson* claims brought by ACCA offenders cannot satisfy the statutory requirements of § 2255(h)(2), is no longer good law). However, merely alleging a basis that meets § 2255(h)'s requirements in the abstract only "represent[s] the minimum showing" necessary to file a successive § 2255 motion because, under § 2244(b)(3)(C), the applicant also must make "a *prima facie* showing that the application satisfies the requirements of this subsection." *In re Holladay*, 331 F.3d 1169, 1173 (11th Cir. 2003) (granting a state death-row inmate's successive application because he had proffered detailed evidence, in satisfaction of § 2244(b)(3)(C), that showed "a reasonable likelihood that [he] is mentally retarded" to support his proposed *Atkins* claim). Accordingly, it is not enough for a federal prisoner to simply identify *Johnson* as the basis for the claim or claims he seeks to raise in a second or successive § 2255 motion, but also must show that he falls within the scope of the new substantive rule announced in *Johnson*. *See, e.g., id.*; 28 U.S.C. § 2244(b)(3)(C).

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2003, Biske pled guilty and was sentenced for these crimes as follows: (1) 60 months for harboring a fugitive, in violation of 18 U.S.C. § 1071 (Count 1); (2) 188 months for aiding and abetting armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d) and 2 (Count 2), to run concurrent with Count 1; (3) 84 months for aiding and abetting the use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii) and 2 (Count 3), to run consecutive to Counts 1, 2 and 4; and (4) 188 months for possession of a firearm, a silencer, and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count 4), to run concurrent to Counts 1 and 2.

The presentence investigation report ("PSI") listed Bisk's prior felony convictions as: (1) 1973 Florida convictions for breaking and entering and grand larceny; (2) 1975 Florida convictions for two counts of robbery; (3) a 1976 Florida conviction for escape; (3) a 1983 Florida conviction for dealing in stolen property; (4) 1984 Colorado felony convictions for two counts of "criminal attempt"; and (5) a 2002 Florida conviction for attempting to obtain a driver's license by fraud.

As to her 1975 robbery convictions, the PSI stated that Biske "robbed at gunpoint the Li'l General Food Store" on Michigan Avenue in Pensacola, Florida, and, approximately thirty minutes later, she "robbed at gunpoint the Majik Market Food Store" on Old Palafox Highway in Pensacola, Florida. As to her escape conviction, the PSI stated that Biske escaped from the Lowell Correctional Facility in Lowell, Florida.

The PSI indicated that Biske's breaking and entering conviction involved the burglary of two residences. The Addendum to the PSI noted, however, that because the breaking and

entering conviction was pursuant to a plea of nolo contendere in which the adjudication of guilt was withheld, it did not qualify as an ACCA predicate offense. The PSI stated that the two Colorado felony convictions for "criminal attempt," also involved the burglary of two residences, one in Granby, Colorado and the other in Kremmling, Colorado. Biske did not object to the PSI's factual description of any of her prior convictions.

The PSI designated Biske an armed career criminal under ACCA based on Biske's two Florida robbery convictions in 1975 and her Florida conviction for escape in 1976. Biske objected to her ACCA designation. As to her 1975 robbery convictions, Biske agreed that robbery qualified as a "violent felony" under the ACCA. Biske argued, however, that her robbery convictions were part of one criminal episode and thus counted as only one ACCA qualifying conviction. As to her 1976 escape conviction, Biske argued that the government had not met is burden to show that her guilty plea was constitutionally valid.

At sentencing, the government submitted documents supporting Biske's three convictions, including the judgment and convictions, affidavits, and court dockets. The district court overruled Biske's ACCA objections, finding that Biske's two 1975 robberies were two separate offenses and that Biske's 1976 escape conviction was constitutionally obtained. The district court adopted the PSI and imposed the above listed sentences. Biske did not appeal.

In 2004, Biske filed her first § 2255 motion, but did not raise any issue as to her designation as an armed career criminal under the ACCA. Biske's second § 2255 motion, filed in 2014, was dismissed as an unauthorized successive motion.

## II. DISCUSSION

Biske has two prior robbery convictions where she robbed victims at gunpoint, and these crimes count under the elements clause of the ACCA.

However, it is unclear here whether Biske has the requisite third predicate violent felony for purposes of the ACCA. There are factual and legal aspects of this case that both support and undermine Biske's claims that she does not have the requisite predicate convictions without the residual clause for her ACCA-enhanced sentence on Count 4. Accordingly, viewed as a threshold determination, Biske appears to have presented a *prima facia* case under *Johnson* and *Welch* as to her sentence on Count 4.

It is important to note that our threshold determination that an applicant has made a *prima facie* showing that she has met the statutory criteria of § 2255(h), thus warranting our authorization to file a second or successive § 2255 motion, does not conclusively resolve that issue. *See Jordan*, 485 F.3d at 1357 (involving the functionally equivalent § 2244(b)(2) successive application standard applicable to state prisoners). In *Jordan*, we emphasized that, once the prisoner files his authorized § 2255 motion in the district court, "the district court not only can, but must, determine for itself whether those requirements are met." *Id.* Notably, the statutory language of § 2244, which is cross referenced in § 2255(h), expressly provides that "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." *Id.* (quoting 28 U.S.C. § 2244(b)(4)). We rejected the assertion that the district court owes "some deference to a court of appeals' prima facie finding that the requirements have been met." *Id.* at 1357. We explained that, after the district court looks at the

§ 2255(h) requirements *de novo*, "[o]ur first hard look at whether the § [2255(h)] requirements actually have been met will come, if at all, on appeal from the district court's decision . . . ." *Id.* at 1358; *see also In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013) (reiterating that this Court's threshold conclusion in granting a successive application that a *prima facie* showing has been made is necessarily a "limited determination," as the district court then must also decide "fresh" the issue of whether § 2255(h)'s criteria are met, and, if so, proceed to considering the merits of the § 2255 motion).

Biske's application for leave to file a second or successive motion is hereby GRANTED.

MARTIN, J., concurring in judgment:

I agree with the majority that Gloria Biske is entitled to file a new § 2255 petition. However, unlike the majority, I would not assume that Ms. Biske's "prior robbery convictions . . . count under the elements of the ACCA." This question turns on what state law required at the time Ms. Paune was convicted. Because of evolving state court rulings, the same crimes may count as a "violent felony" if they were committed one year but not if they were committed the next. These questions are not easy to answer, and the District Court will be far better equipped to work through them than this panel is at this stage. But as the majority notes, nothing in our order binds the district court, which must decide every aspect of the case de novo. This includes any determination about Ms. Biske's robbery convictions.